**VIRGINIA & AMBINDER, LLP**
By: Charles R. Virginia, Esq.
Nicole Marimon, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
Telephone: (212) 943-9080
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF THE NEW JERSEY B.A.C. HEALTH FUND, TRUSTEES OF THE NEW JERSEY B.A.C. ANNUITY FUND, TRUSTEES OF THE B.A.C. LOCAL 4 PENSION FUND, TRUSTEES OF THE NEW JERSEY BM&P APPRENTICE AND EDUCATION FUND, TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, TRUSTEES OF THE INTERNATIONAL MASONRY INSTITUTE, and RICHARD TOLSON, as Administrator of B.A.C. ADMINISTRATIVE DISTRICT COUNCIL OF NEW JERSEY, | 18 CV \_\_\_\_\_ |
| Plaintiffs, | **COMPLAINT** |
| -against- | |
| DORAN TATROW ASSOCIATES, INC., | |
| Defendant. | |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their

Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1.     This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the

Employee Retirement Income Security Act ("ERISA") of 1974, as amended, 29 U.S.C. §§

1132(a)(3), 1145, and Section 301 of the Labor-Management Relations Act ("LMRA") of 1947,

29 U.S.C. § 185, by multiemployer welfare and pension funds through their respective Boards of

Trustees, and by a labor union through its authorized representative, to collect delinquent employer contributions to employee benefit plans.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3.      Venue is proper in this district pursuant to section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and section 301 of the LMRA, 29 U.S.C. § 185.

**THE PARTIES**

4.      Plaintiffs Trustees of the New Jersey B.A.C. Health Fund (the "Health Fund") are the employer and employee trustees of a labor-management trust fund organized and operated pursuant to a trust agreement and various collective bargaining agreements in accordance with Section 302 of the LMRA, 29 U.S.C. § 186. The Health Fund is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Health Fund maintains its principal place of business at 14 Plog Road, Suite 2, Fairfield, New Jersey 07004.

5.      Plaintiffs Trustees of the New Jersey B.A.C. Annuity Fund (the "Annuity Fund") are the employer and employee trustees of multi-employer, labor-management trust funds, organized and operated pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The Annuity Fund is an employee benefit plan within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(37) and 1145. The Annuity Fund maintains its principal place of business at 14 Plog Road, Suite 2, Fairfield, New Jersey 07004.

6. Plaintiffs Trustees of the B.A.C. Local 4 of New Jersey Pension Fund (the "Local 5 Pension Fund") are the employer and employee trustees of multi-employer, labor-management trust funds, organized and operated pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The Local 4 Pension Fund is an employee benefit plan within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(37) and 1145. The Local 4 Pension Fund maintains its principal place of business at 14 Plog Road, Suite 2, Fairfield, New Jersey 07004.

7. Plaintiffs Trustees of the New Jersey BM&P Apprentice and Education Fund (the "Apprentice Fund")(collectively the Health Fund, Annuity Fund, the Local 4 Pension Fund, and the Apprentice Fund shall be referred to as the "Local Funds") are the employer and employee trustees of a labor-management trust fund organized and operated pursuant to a trust agreement and various collective bargaining agreements in accordance with Section 302 of the LMRA, 29 U.S.C. § 186. The Apprentice Fund is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Apprentice Fund maintains its principal place of business at 14 Plog Road, Suite 2, Fairfield, New Jersey 07004.

8. Plaintiffs Trustees of the Bricklayers & Trowel Trades International Pension Fund (the "International Pension Fund") are the employer and employee trustees of a labor-management trust fund organized and operated pursuant to a trust agreement and various collective bargaining agreements in accordance with Section 302 of the LMRA, 29 U.S.C. § 186. The International Pension Fund is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. §

1002(37). The International Pension Fund maintains its principal place of business at 620 F Street, N.W., Washington, District of Columbia 20004.

9. Plaintiffs Trustees of the International Masonry Institute (the "IMI") are the employer and employee trustees of a labor-management trust fund organized and operated pursuant to a trust agreement and various collective bargaining agreements in accordance with Section 302 of the LMRA, 29 U.S.C. § 186. The IMI is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The IMI maintains its principal place of business at 620 F Street, N.W., Washington, District of Columbia 20004.

10. Plaintiff Richard Tolson is the Administrator of the B.A.C. Administrative District Council of New Jersey (the "Union") and brings this action in his representative capacity on behalf of the Union for dues check-offs and other contributions. The Union is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in Section 502 of the LMRA, 29 U.S.C. § 142, and Section 3(4) of ERISA, 29 U.S.C. § 1002(4). The Union maintains its principal place of business at 3281 Route 206, Bordentown, New Jersey 08505.

11. Upon information and belief, Doran Tatrow Associates, Inc. ("Defendant" or "Doran Tatrow") is a corporation organized and established under the laws of the State of New Jersey. At all relevant times, Doran Tatrow was an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of Section 501 of the LMRA, 29 U.S.C. § 142. Doran Tatrow maintains its principal place of business at 14 Storrs Court, Mahwah, New Jersey 07430.

## STATEMENT OF FACTS

12.    Doran Tatrow and the Union are parties to a Collective Bargaining Agreement establishing the terms and conditions of employment for employees of Doran Tatrow working as bricklayers, cement masons, plasterers, pointer caulkers, cleaners, fire proofers, stone masons, brick pavers and exterior marble masons ("Covered Work") within a specified geographical area.

13.    The Collective Bargaining Agreement provides that Doran Tatrow must make specified contributions to the Health Fund, the Annuity Fund, the Local 4 Pension Fund, the Apprentice Fund, the International Pension Fund, and the IMI (collectively, the "Funds") and forward specified dues check-offs and other contributions to the Union for each hour of Covered Work performed by Doran Tatrow' employees.

14.    From October 10 through October 23, 2018 employees of Doran Tatrow performed Covered Work on a project at Chick Fil A in Wayne, New Jersey ("Chick Fil A Project"). In connection with Covered Work performed from October 10 through October 23, 2018 on the Chick Fil A Project, Doran Tatrow failed to make payment of $2,378.16 in required contributions to the Funds and of $268.56 in required dues check-offs to the Union.

15.    From June 20 through August 28, 2018, employees of Doran Tatrow performed Covered Work on the Clara Maass Medical Center, in Belleville, New Jersey ("Clara Maass Project"). In connection with Covered Work performed on the Clara Maass Project, Doran Tatrow failed to make payment of $15,920.46 in required contributions to the Funds and of $1,797.86 in required dues check-offs to the Union.

16.    From May 30 through June 5, 2018, employees of Doran Tatrow performed Covered Work on a project in Teaneck, New Jersey ("Teaneck Project"). In connection with Covered Work performed on the Teaneck Project, Doran Tatrow failed to make payment of

$1,849.68 in required contributions to the Funds and of $208.88 in required dues check-offs to the Union.

17. From April 25 through June 19, 2018, employees of Doran Tatrow performed Covered Work on various jobs in New Jersey ("Various Projects"). In connection with Covered Work performed on the Various Projects, Doran Tatrow failed to make payment of $15,746.92 in required contributions to the Funds and of $1,775.72 in required dues check-offs to the Union.

18. From September 19 through October 9, 2018, employees of Doran Tatrow performed Covered Work on a project in Wayne, New Jersey ("Wayne Project," and together with the Chick Fil A Project, the Clara Maass Project, the Teaneck Project, and the Various Projects, the "Projects"). In connection with Covered Work performed on the Wayne Project, Doran Tatrow failed to make payment of $2,906.64 in required contributions to the Funds and of $328.24 in required dues check-offs to the Union.

## FIRST CLAIM FOR RELIEF

19. Plaintiffs repeat the allegations set forth in paragraphs 1 through 18 above and incorporate them herein by reference.

20. Section 515 of ERISA provides: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

21. By its failure to remit $38,801.86 to the Funds in connection with Covered Work performed on the Projects, Doran Tatrow contravened the Collective Bargaining Agreement and section 515 of ERISA, 29 U.S.C. § 1145.

22.     Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides that, upon a finding that an employer violated Section 515 of ERISA, 29 U.S.C. § 1145, the plan is entitled to judgment for the amount of delinquent contributions plus interest and liquidated damages at rates prescribed by the documents and instruments governing the plan, and the reasonable attorneys' fees and costs incurred by the plan in prosecuting the action.

23.     Under the documents and instruments governing the Health Fund, the Annuity Fund, the Local 4 Pension Fund, the Apprentice Fund, employers whose contributions are delinquent are liable for interest at the rate of 10% per annum and liquidated damages of 20% of the principal amount due. Similarly, under the documents and instruments governing the International Pension Fund and the IMI, employers whose contributions are delinquent are liable for interest at the rate of 15% per annum and liquidated damages of 20% of the principal amount due.

24.     Accordingly, in connection with the Projects and Covered Work performed at the various sites, Doran Tatrow is liable to the Funds for $38,801.86, plus interest, liquidated damages, and attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

25.     Plaintiffs repeat the allegations set forth in paragraphs 1 through 24 above and incorporate them herein by reference.

26.     By its failure to remit $4,279.26 in dues check-offs and other contributions to the Union in connection with Covered Work performed on the Projects and at various sites in New Jersey, Doran Tatrow contravened the Collective Bargaining Agreement.

27.     Accordingly, in connection with the Projects and the work performed at various sites in New Jersey, Doran Tatrow is liable to the Union for $4,379.26.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

(1)      Award the Funds judgment for $38,801.86, plus interest, liquidated damages, and attorneys' fees and costs;

(2)      Award the Union judgment for $4,379.26; and

(3)      Award Plaintiffs such further legal, equitable, or other relief as the Court may deem just and proper.

Dated: New York, New York      Respectfully submitted,
      November 29, 2018

                                    **VIRGINIA & AMBINDER, LLP**

By:        /s/ Nicole Marimon

                  Charles R. Virginia, Esq.
                  Nicole Marimon, Esq.
                  *Attorneys for Plaintiffs*
                  40 Broad Street, 7th Floor
                  New York, New York 10004
                  Office Tel. No.: (212) 943-9080