NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF THE NEW JERSEY B.A.C. HEALTH FUND, TRUSTEES OF THE NEW JERSEY B.A.C. ANUNITY FUND, TRUSTEES OF THE B.A.C. LOCAL 4 NEW JERSEY PENSION FUND, TRUSTEES OF THE NEW JERSEY BM&P APPRENTICE AND EDUCATION FUND, TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, TRUSTEES OF THE INERNATIONAL MASONRY INSTITUTE, and RICHARD TOLSON, as Administrator of B.A.C. ADMINISTRATIVE DISTRICT OUNCIL OF NEW JERSEY,<br><br>     Plaintiffs,<br>v.<br><br>DORAN TATROW ASSOCIATES, INC.,<br><br>     Defendant. | Civ. No. 18-16556 (CCC)<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

  This matter comes before the Court on Plaintiffs' motion for default judgment against Defendant, pursuant to Fed. R. Civ. P. 55(b)(2). ECF No. 14. Plaintiffs filed their complaint on November 29, 2018. ECF No. 1. The time for Defendant to answer or otherwise respond to the complaint has expired. See Fed. R. Civ. P. 12(a). Pursuant to Fed. R. Civ. P. 55(a), the Clerk entered a Default against Defendant on March 15, 2019. Plaintiff amended the complaint on March 25, 2019. ECF No. 6. Again, pursuant to Fed. R. Civ. P. 55(a), the clerk entered a Default against Defendant on June 13, 2019. Plaintiff served Defendant with notice of this motion and

filed the instant motion for default judgment on June 28, 2019. ECF No. 11–15. No opposition has been filed.

As a preliminary matter, the Court finds that Plaintiffs have stated a sufficient cause of action based upon the information set forth in their complaint. Because Defendants have failed to respond to the complaint, the factual allegations in the complaint are accepted as true. Comdyne I Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). Taking the facts alleged by Plaintiffs as true, the Court can presume liability in this case.

Plaintiffs' first cause of action is for contributions to a multiemployer plan pursuant to section 515 of the Employee Retirement Income Security Act (ERISA). Section 515 of ERISA provides, "every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collective bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Courts in this circuit have found that allegations that an employer was bound to a collective bargaining agreement ("CBA") obligating it to make contributions to a benefit fund were sufficient to state a cause of action pursuant to ERISA section 515, and section 502(g)(2), 29 U.S.C. § 1132(g)(2), for the purposes of default judgment. See New Jersey Bldg. Laborers' Statewide Pension Fund & Trustees Thereof v. Pulaski Constr., 2014 U.S. Dist. LEXIS 24553, at *2 (D.N.J. Aug. 9, 2017); Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dublin Paper Co., 2012 U.S. Dist. LEXIS 102652, at *8 (D.N.J. July 24, 2012).

Plaintiff's second cause of action is regarding Defendant's failure to remit checks-offs and other contributions. Courts in this circuit agree that allegations of an employer's failure to remit

dues check-offs is sufficient to state a cause of action under the collective bargaining agreement. See Trs. of the N.J. B.A.C. Health Fund v. Rhodes, 2017 U.S. Dist. LEXIS 125662, at *6 (D.N.J. Aug. 9, 2017); Trs. of the N.J. B.A.C. Health Fund. v. All Finish Constr., Inc., 2017 U.S. Dist. LEXIS 101719, at *6 (D.N.J. June 29, 2017).

Here, Plaintiffs have alleged that Defendant was an employer bound at all relevant times by the CBA, which obligates it to contribute to the funds. See Crandall Decl., at ¶ 5–8, Ex. A-D. Plaintiffs seek delinquent contributions owed to the funds, interest thereon, liquidated damages, dues check-offs owed to the Union, and reasonable attorney's fees and costs pursuant to section 502(g)(2) and the collection policy agreed to by the parties. See id. at ¶ 19. As plaintiffs are seeking delinquent contributions owed by Doran Tatrow to the Funds and Union pursuant to ERISA and the collective bargaining agreement, this Court finds Plaintiffs appear to have valid causes of action.

Three elements determine whether default is proper: (1) whether the plaintiff will be prejudiced if default is not granted; (2) whether the defendant has a meritorious defense; and (3) whether the defendant's delay is the result of culpable misconduct. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). First, it is clear that Plaintiffs have been prejudiced by Defendant's failure to answer because Plaintiffs have incurred additional costs, have been unable to move forward with the case, and have been delayed in receiving relief. See Malik v. Hannah, 661 F. Supp. 2d 485, 490–91 (D.N.J. 2009). Second, no evidence suggests that the Defendant has a meritorious defense. When a defendant does not file a pleading stating why default is not appropriate, the Court is "not in a position to determine whether [the Defendant] has any meritorious defense or whether any delay is the result of culpable misconduct" therefore, this

element is considered satisfied for the purpose of finding default judgment proper. Operative Plasterers & Cement Masons Int'l Ass'n Local No. 8 v. Speciality Stucco Restoration, 2006 U.S. Dist. LEXIS 24553, at *6–7 (D.N.J. Feb. 26, 2014). Further, where, as here, Defendants have failed to respond, there is a presumption of culpability. See Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc., No. 11-624, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011). Therefore, the Court finds that default judgment is proper at this time.

Here, Plaintiffs seek a total amount of $69,528.36 consisting of: (1) contributions to the funds in the principal amount of $42,468.19; (2) interest in the amount of $6,629.50; (3) liquidated damages in the amount of $8,493.64; (4) attorney's fees and costs in the amount of $7,143.74; and (6) dues check-offs to the Union in the amount of $4,793.29. See ECF No. 14 at 14.

**IT IS THEREFORE** on this 31st day of January 2020,

**ORDERED** that Plaintiffs' motion for default judgment (ECF No. 11) is hereby granted; and it is further

**ORDERED** that default judgment shall be entered; and it is further

**ORDERED** that Defendants shall be ordered to pay damages in the amount of $69,528.36.

**SO ORDERED.**

_____<br>
**CLAIRE C. CECCHI, U.S.D.J.**